# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

FRANKLIN FITCH,                    )
                                   )
      Petitioner,                )
                                   )      Case No. 2:15-cv-01044-TLP-tmp
v.                                 )
                                   )
WARDEN SHAWN PHILLIPS,             )
                                   )
      Respondent.                )

## ORDER DENYING PENDING MOTIONS

Petitioner has three pending motions in this matter. (ECF Nos. 30, 32, & 35.) For the reasons stated below, Petitioner's Motions are DENIED.

## ANALYSIS

### I.    Motion to Amend § 2254 Petition

Petitioner first moves to amend his Second Amended § 2254 Petition to invoke the holding of *Martinez v. Ryan*, 566 U.S. 1 (2012), as justification for excusing the procedural defect of his claims of ineffective assistance of counsel. (ECF No. 30.) No amendment is necessary for the Court to consider whether *Martinez* provides Petitioner with a basis to excuse the procedural default of his claims of ineffective assistance of counsel. The Motion to Amend is DENIED as unnecessary.

### II.   Motion to Supplement Amended § 2254 Petition

Next, Petitioner moves to supplement the Second Amended § 2254 Petition to raise a new claim that the prosecution failed to provide defense counsel with exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 32.) Twenty-eight U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>>
>> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The Tennessee Supreme Court denied Petitioner permission to appeal his sentence on February 26, 2007. (ECF No. 25-21 at PageID 2184.) Petitioner's death sentence was overturned and he was resentenced on October 7, 2008. (ECF No. 25-24 at PageID 2246.) He did not file an appeal and his conviction became final thirty days later on November 6, 2008.

The limitations period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), when Petitioner filed his post-conviction petition on May 5, 2009. (ECF No. 25-25 at PageID 2296.) At that time, 180 days had elapsed. The Tennessee Court of Criminal Appeals affirmed the dismissal of the post-conviction petition on March 6, 2014, and the Tennessee Supreme Court denied permission to appeal on September 3, 2014. (ECF Nos. 25-39, 25-41.) The running of the

limitations period recommenced at that time and expired September 4, 2015.   Petitioner did not

file the motion to supplement the petition until July 23, 2018.   (ECF No. 32.)

The mandate of Federal Rule of Civil Procedure 15(a), that courts should freely grant

leave to amend when justice so requires, has been interpreted to allow supplementation and

clarification of claims initially raised in a timely § 2255 Motion.   *See Anderson v. United States*,

No. 01-2476, 2002 WL 857742, at *3 (6th Cir. May 3, 2002); *Oleson v. United States*, 27 F.

App'x 566 (6th Cir. 2001).   Petitioner seeks to add an entirely new claim, not to supplement or

clarify existing claims.   (*See* ECF No. 32.)   The original, first, and second amended petitions

did not raise a *Brady* claim.   (*See* ECF Nos. 1, 8, & 12.)

Once the statute of limitations has expired, allowing amendment of a petition to allege

additional grounds for relief would defeat the purpose of the AEDPA.   *Oleson*, 27 F. App'x at

571 (citing *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000) ("[A] party cannot amend

a § 2255 petition to add a completely new claim after the statute of limitations has expired.")).

Petitioner is aware of the time requirements imposed by AEDPA and contends that he

only recently discovered the evidence when he reviewed the transcripts of his trial.   (ECF No.

32.)   As the Sixth Circuit noted in connection with newly discovered factual evidence, Petitioner

must demonstrate that:

> (1) the new evidence was discovered after the trial; (2) the evidence could not
> have been discovered earlier with due diligence; (3) the evidence is material and
> not merely cumulative or impeaching; and (4) the evidence would likely produce
> acquittal.

*United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991) (citing *United States v. O'Dell*, 805

F.2d 637, 640 (6th Cir. 1986)).   Although Petitioner contends that his discovery of the allegedly

exculpatory evidence was recent, review of the record demonstrates that the videotapes were

provided to defense counsel for his review before trial (ECF No. 25-2 at PageID 365) and defense counsel cross-examined a police officer about the videotapes during trial. (ECF No. 25-11 at Page ID 1460–62.) The tapes were not exculpatory. (*Id.* at PageID 1453.) The evidence is not newly discovered and provides no basis for equitable tolling. Under the criteria of *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001), equitable tolling is not appropriate. The motion to supplement (ECF No. 32) is untimely and is DENIED.

## III. Motion to Appoint Counsel

Petitioner also moves to have counsel appointed on his behalf. (ECF No. 35.) "The constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for a writ of habeas corpus, which is a civil proceeding." *Staple v. Lafler*, No. 07-cv-12452, 2010 WL 3341530, at *2 (E.D. Mich. Aug. 24, 2010) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)); *see also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). There is no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *see also* 18 U.S.C. § 3006A(a)(2)(B) (counsel may be appointed for persons seeking relief under 28 U.S.C. § 2254 who are financially eligible whenever the court determines "that the interests of justice so require"). The appointment of counsel is mandatory only when an evidentiary hearing is required. Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts

("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a

petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

> In exercising its discretion, the district court should consider the legal complexity
> of the case, the factual complexity of the case, and the petitioner's ability to
> investigate and present his claims, along with any other relevant factors.   Where
> the issues involved can be properly resolved on the basis of the state court record,
> a district court does not abuse its discretion in denying a request for court-
> appointed counsel.

*Hoggard*, 29 F.3d at 471 (citations omitted).   Considering the totality of circumstances here, the

Court finds that no evidentiary hearing will be necessary for the determination of the § 2254

Petition. The motion for appointment of counsel (ECF No. 35) is DENIED.

## CONCLUSION

For these reasons, Petitioner's Motion to Amend is DENIED; the Motion to Supplement

is DENIED; and the Motion to Appoint Counsel is DENIED.

**SO ORDERED**, this 22nd day of February, 2019.

 s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE